UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

FILED
03 AUG -4 AM 9:01

MELISSA A. MITCHELL AND
KURT D. MITCHELL HER
HUSBAND

CIVIL CASE NO.:

8:03CV1598-T23 EAJ

V

12-2000 L.L.C. d/b/a
BUCHANAN JENKINS HYUNDAI
OF BRADENTON

## COMPLAINT

Plaintiffs state:

### JURISIDICTION

1. This action is within the jurisdictional amount of the Court exclusive of fees and costs pursuant to 28 USC 1331 This court has jurisdiction of the federal claims in this matter.

2. Pursuant to 28 USC 1367 This Court has jurisdiction over the State claims that arise from the same transaction as the Federal claims.

3. The plaintiffs are residents of Manatee County, Florida residing at 117 Neptune Ln. Holmes Beach Florida.

4. The defendant is a Florida Corporation engaging in business in Manatee County, Florida at 2503 1st Street Bradenton Florida 34208.

### COUNT ONE: VIOLATION OF FEDERAL TRUTH IN LENDING ACT AS TO PLAINTIFF MELLISSA A MITCHELL

5. This is a transaction involving credit sale as defined by the act. On 07/05/2003 Melissa Mitchell entered into a retail installment contract with defendant Buchanan Jenkins for the purchase of a 2003 Hyundai Accent vin no. KMHCF35C23U265981. With a cash price of $11240.62 a finance charge $4735.75 and a down payment of $ 2725.00. Partially dispensed from an Account solely in Mr. Mitchell's name.

6. The defendant is a creditor as defined by the act.

7. The defendant was required to make accurate disclosures to the plaintiff regarding the cost of the credit and not intentionally mislead the consumer as to the material terms of the contract.

8. The defendant did not accurately disclose the finance charge in this transaction by failing to disclose the cost incurred by an incorporated "bailment agreement" that was incident to the extension of credit. Further the defendant mislead lead the plaintiff as to material terms of the contract.

9. The additional fees were payable by the plaintiff and imposed by the creditor.

### COUNT TWO: VIOLATION OF REGULATION Z § 226.17 (c) AS TO THE RETAIL INSTALLMENT CONTRACT AS TO PLAINTIFF MELLISSA A MITCHELL

10. This is a transaction involving credit sale as defined by the act. On 07/05/2003 Melissa Mitchell entered into a retail installment contract with defendant Buchanan Jenkins for the purchase of a 2003 Hyundai Accent vin no. KMHCF35C23U265981. With a cash price of $11240.62 a finance charge $4735.75 and a down payment of $ 2725.00. Partially dispensed from an Account solely in Mr. Mitchell's name.

11. The defendant is a creditor as defined by the act.

12. The defendant was required to make accurate disclosures to the plaintiff regarding the cost of the credit.

13. The defendant did not know the true cost of the credit because the defendant did not the consummation date.

14. The defendant did not know the cost of the "bailment agreement".

15. Both factors are necessary for calculations.

16. The defendant pursuant to § 226.17 (c) was required to clearly label the disclosures as estimates.

17. The defendant failed to label the disclosures as estimates.

2

### COUNT THREE: VIOLATION OF 16 CFR 433.2 AS TO THE "BAILMENT AGREEMENT"AS TO PLAINTIFF MELLISSA A MITCHELL

18. The defendant induced the plaintiff to enter into a "Bailment agreement" that was separate from the Retail installment contract.

19. Pursuant to 16 CFR 433.2 the "bailment agreement" is a consumer credit contract.

20. This transaction affected commerce as defined by Federal Trade Commission.

21. The defendant is a seller within the meaning of 16 CFR 433.2.

22. The defendant was required to place a notice on the "bailment agreement" preserving consumers claims and defenses.

23. The defendant failed to place the notice.

### COUNT FOUR: VIOLATION OF TRUTH IN LENDING AS TO THE "BAILMENT AGREEMENT" AS PALINTIFF MELISSA A MITCHELL.

24. The "bailment agreement " was a credit sale as defined by the act. The defendant is a creditor as defined by the act

25. The defendant was required to make meaningful disclosures as to finance charge and APR.

26. The defendant failed to make any such disclosures as required under the act.

### COUNT FIVE: VIOLATION OF CONSUMER LEASE ACT AS TO THE "BAILMENT AGREEMENT" AS TO PLAINTIFF MELISSA A. MITCHELL.

27. The "bailment agreement" was a lease as defined by the act. The defendant is a lessor as defined by the act

28. The defendant was required to make meaningful disclosures relating to the finance cost and APR

29. The defendant failed to make any such disclosures to plaintiff regarding the "bailment agreement".

### COUNT SIX: VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT AS TO PLAINTIFF MELISSA A MITCHELL AND KURT D. MITCHELL.

30. The defendant is a creditor as defined by the act.

31. The defendant was required to notify applicant of adverse action taken within (30) days of receiving completed application in writing making specific disclosures.

32. The defendant did not make the required disclosures.

### COUNT SEVEN: VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT AS TO PLAINTIFF KURT D. MITCHELL.

33. The defendant is creditor as defined by the act.

34. The act prevents obtaining information about a spouse or former spouse.

35. The plaintiff is the spouse of Melissa A Mitchell.

36. The defendant gathered information on plaintiff Kurt D. Mitchell in violation of the act.

### COUNT EIGHT VIOLATION OF 15 USCA 1681q AS TO PLAINTIFF KURT D. MITCHELL

37. 15 USCA 1681q prevents any person from knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses.

38. The plaintiff is a consumer.

39. The defendant is a person.

40. The defendant did knowingly and willfully obtain information about the plaintiff under false pretense by submitting his credit application to Regional Acceptance Corporation despite no authorization by the plaintiff.

41. Plaintiff never was apart nor signed a credit application authorizing such action.

### COUNT NINE: VIOLATION OF 15 USCA 1681m AS TO PLAINTIFF MELISSA A MITCHELL.

42. The section requires any person who takes adverse action pursuant to a consumer report to provide notice of adverse action and make disclosures about the credit reporting agency that furnished the report.

43. Defendant took adverse action in the form of repudiation of retail installment contract and attempted repossession of the vehicle.

44. Defendant accessed and relied upon a consumer report before taking such action.

45. Defendant never supplied the required information.

### COUNT TEN: BREACH OF CONTRACT AS TO THE RETAIL INSTALLMENT CONTRACT AS TO PLAINTIFF MELISSA A MITCHELL

46. The parties entered into a retail installment contract whereby the plaintiff agreed to buy a vehicle on credit from the defendant.

47. The plaintiffs supplied as a consideration a $2725.00 down-payment and a security interest in the vehicle

48. The defendant agreed to supply the vehicle and accept payments for the remainder of balance due.

49. The contract contains a merger clause that requires any modification to be in writing and signed by the defendant.

50. There are not conditions stated in the contract.

51. The plaintiff is not in default of the contract.

52. The defendant has breached the contract by demanding possession of the vehicle even though no breach has occurred

53. The defendant is in further breach by refusing to submit paperwork to the state for permanent plate even though plaintiff paid for the plate.

### COUNT ELEVEN: FRAUD IN THE INDUCMENT AS TO THE RETAIL INSTALLMENT CONTRACT AS THE PLAINTIFF MELISSA A MITCHELL.

54. filled out an internet application for Buchanan-Jenkins.

55. Roger Riffle called stated he couldn't access the online credit application and took my credit information over the phone (credit, employment, income).

56. Roger Riffle called back 30 minutes later and stated that" We've got something for you. It would be a 2003 Hyundai Accent, 2 door.

57. Roger Riffle further stated that the bank will only finance a certain amount and this car fits that.

58. Roger told me to come to Buchanan-Jenkins and bring pay stubs, phone bill, another utility bill, insurance, six references and my $3000.00 down payment.

59. Arrived at Buchanan-Jenkins, test drove the automobile, while he submitted the information to the finance manager.

60. After returning from the test drive, I asked Roger Riffle if I would get financed and he stated" you wouldn't be here if we couldn't".

61. Ray Buril, sales manager, came in and stated He wanted to sell me a car today. What do I need to do to get you to buy this car today?

62. I responded with we needed to agree on a price. We agreed on a price and he then yelled out to Roger Riffle, that Roger needed to prep the car, take care of the title, plate and insurance because I had just bought the car.

63. I signed paperwork, handed over the down payment. The finance manager thanked me for doing business with Buchanan-Jenkins and he hoped I enjoyed my new car.

64. Roger then stated that the bank requires full coverage insurance and you will need to get that before I left.

65. Roger arranged for an insurance salesman to come to the dealership to write the policy.

66. After meeting with the insurance salesman, I declined the policy because of cost and said I would just wait until Monday to get a better deal.

67. Roger stated lets see what we can do so you can take your car today. He then called Progressive insurance.

68. I received a quote from Progressive and declined again due to cost. I again stated that I would just wait until Monday when I could shop around for insurance.

69. Roger set me up on the internet to look for insurance companies and said he would see if he could get me some of my down payment back to pay for the insurance.

70. I received a quote from Esurance and started to complete the application. The application asked for the name and address of the finance company.

71. Roger asked the finance manager, in front of me, "who did you get her financed through?" The finance manager stated "Regional Acceptance 33859 U.S. HWY 19 N, Palm Harbor Fl 34684.

72. I purchased the insurance policy and Ray Buril told me to come back on Monday morning to get the $275.00 back from my down payment that I paid for the insurance.

73. I signed the paperwork for my temporary title, registration and plate. I was told by the finance manager that my real plate would come in the mail.

74. As I was leaving, Roger, Ray Buril and the finance manager said for me to enjoy my new car, and they were glad they could sell me a car today.

75. On July 5, 2003 defendant accepted $1265.00 cash in partial consideration of the down payment.

76. On July 8th, 2003 defendant tendered a check for $1460.00 and received payments.

77. On July 11, 2003 defendant demanded return of the vehicle stating that no such contract had been formed thereby making the prior statements false.

78. Defendant made the statements knowing they were false or with reckless disregard for whether the statements were false.

79. Plaintiff reliance on the above mentioned statements or acts was reasonable and justified under the circumstances because any reasonable person signing contracts and giving money and receiving a vehicle would assume the deal complete.

80. As a result of defendants statements and acts the plaintiffs have been damaged by being fraudulently induced to give defendants 2725.00 as well as making other purchases.

### COUNT TWELVE: FRAUD IN THE INDUCEMENT OF EXECUTING A "BAILMENT AGREEMENT" PALITIFF MELISSA A MITCHELL

81. The "bailment agreement" was attached to or otherwise associated with vehicle odometer disclosure, and pollution control devices or systems.

82. The finance manager said to sign these papers they were for my registration, title and license plate.

83. The "bailment agreement" was not listed, or explained as to what it contained.

84. All the papers were placed quickly in front of me to sign, after I had supplied the down payment.

85. I was given copies of pollution control, odometer disclosure, and registration. No copy of the "bailment agreement" was supplied to me, nor ever mentioned until a demand for the vehicle was made.

86. Defendant knowingly and willfully withheld disclosure of the bailment agreement to induce plaintiff into signing it.

87. Plaintiff reliance on above referenced statements that this paperwork was for the stated reasons was reasonable and justified under the circumstances because the retail installment contract had already been signed and the down-payment supplied to the defendant.

88. As a result of defendants statements and acts the plaintiffs have been damaged by being fraudulently induced to give defendants 2725.00 as well as making other purchases.

### COUNT THIRTEEN: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO PLAINTIFFS MELISSA A MITCHELL AND KURT D. MITCHELL

89. This is an action for damages for violation of the Florida Deceptive and Unfair Trade Practices act Fla. Stat. sections 501.201-501.23

90. Plaintiff purchased a vehicle for personal use.

91. Made a down payment of 2725.00 and entered into a contract with defendants

92. Defendant obtained a signature on a contract that was not fully complete or did not accurately reflect the negotiations and agreement between the customer and dealer in violation of Fla. Sta. § 501.976(9).

93. In this transaction the defendant violated Federal Truth In Lending.

94. In this transaction defendant also violated Consumer leasing Act.

95. In this transaction defendant also violated Equal Credit Opportunity Act.

96. In this transaction defendant also violated Fair Credit Reporting Act.

97. In this transaction defendant also violated Florida's Motor Vehicle Finance Act.

98. In this transaction defendant also violated Florida's Consumer Debt Collection Act.

### COUNT FOURTEEN: DEFENDANT VIOLATED FLORIDA'S CONSUMER COLLECTION ACT AS TO PLAINTIFFS MELISSA A MITCHELL AND KURT D MITCHELL

99. This contract concerned a consumer good.

100. Defendant violated Fla. Stat. § 559.72 (8) which prevents the use of willfully abrasive language .

101. Defendant violated this section by threatening to maximize all fees personally.

102. Defendant violated Fla. Sta. § 559.72 (9) which prevents the asserting of a legal right when such person knows the right does not exist.

103. Defendant violated this section by threatening repossession even though plaintiffs were not in default of the contract.

104. Defendant violated Fla. Sta. § 559.72 (12) which prevents giving the false impression of being an attorney.

105. Defendant violated this section by giving specific legal advice as to our legal position and asserting he was well experienced.

106. Defendant later admitted he had no law degree when asked from which school the he received his law degree.

### COUNT FIFTEEN: VIOLATION OF FLORIDA'S MOTOR VEHICLE FINANCE ACT. AS TO THE RETAIL INSTALLMENT CONTRACT AS TO PLAINTIFF MELISSA A MITCHELL

107. The retail installment contract entered into by plaintiff is within the definition of retail installment contract supplied by the statute.

108. Defendant failed to sign the contract as required by the statute.

9

109 Defendant obtained the signature of the plaintiff before the contract was complete in violation of the statute.

### COUNT SIXTEEN: VIOLATION OF FLORIDA'S MOTOR VEHICLE FINANCE ACT AS TO THE "BAILMENT AGREEMENT" AS TO PLAINTIFF MELISSA A MITCHELL.

110. The bailment agreement entered into by plaintiff is within the definition of retail installment contract supplied by the statute.

111. As such the "bailment agreement was required to have Amount financed, Finance charge, total payments, total sales as well as numerous other disclosures.

112. The "bailment agreement" contains none of these disclosures.

### RELIEF REQUESTED

Plaintiffs request that this honorable court award compensatory and punitive damages as well as cost and fees that is just and equitable.

### JURY DEMAND

Plaintiffs demand a jury trial.

Respectfully submitted,

*Melissa Mitchell*
Melissa A. Mitchell plaintiff
117 Neptune Ln. Apt E
Holmes Beach FL.
941 778 3743

*Kurt Mitchell*
Kurt D. Mitchell plaintiff
117 Neptune Ln. Apt E
Holmes Beach FL.
941 778 3743