032314

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2004 MAR -4 AM 11: 15
CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

CASE NO. 8:03-CV-1598-T23EAJ

MAGISTRATE: Steven D. Merryday

MELISSA A. MITCHELL,

    Plaintiff,

v.

12-2000 LLC, d/b/a BUCHANAN
JENKINS HYUNDAI OF BRADENTON,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, 12-2000 LLC, d/b/a BUCHANAN JENKINS HYUNDAI OF BRADENTON (hereinafter "BUCHANAN JENKINS"), by and through its undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and would state as follows:

1. Defendant admits the allegations of paragraph 1 for jurisdictional purposes only. Denies supplemental jurisdiction.

2. Defendant is without knowledge as it relates to the allegations of paragraph 2. Consequently, said allegations are denied.

3. Defendant admits the allegations of paragraph 3 for jurisdictional purposes only.

4. Defendant is without knowledge as it relates to the allegations of paragraph 4. Consequently, said allegations are



CASE NO. 8:03-CV-1598-T23EAJ

denied.

5. Defendant denies the allegations of paragraph 5, and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6, and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7, and demands strict proof thereof.

8. Defendant admits the allegations of paragraph 8 that Plaintiff went to the dealership. Defendant denies the remaining allegations of paragraph 8, and demands strict proof thereof.

9. Defendant is without knowledge as it relates to the allegations of paragraph 9 as to what Plaintiff understood, consequently said allegations are denied. Defendant denies the remaining allegations of paragraph 9, and demands strict proof thereof.

10. Defendant denies the allegations of paragraph 10, and demands strict proof thereof.

11. Defendant denies the allegations of paragraph 11, and demands strict proof thereof.

12. Defendant is without knowledge as it relates to the allegations of paragraph 12 as to what Plaintiff stated, consequently said allegations are denied. Defendant denies the

CASE NO. 8:03-CV-1598-T23EAJ

remaining allegations of paragraph 12, and demands strict proof thereof.

13. Defendant denies the allegations of paragraph 13, and demands strict proof thereof.

14. Defendant denies the allegations of paragraph 14, and demands strict proof thereof.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16, and demands strict proof thereof.

17. Defendant denies the allegations of paragraphs 17 through 23, and demands strict proof thereof.

18. Defendant is without knowledge as it relates to the allegations of paragraph 24. Consequently, said allegations are denied.

19. Defendant denies the allegations of paragraph 25, and demands strict proof thereof.

20. Defendant is without knowledge as it relates to the allegations of paragraph 26. Consequently, said allegations are denied.

21. Defendant denies the allegations of paragraph 27, and demands strict proof thereof.

22. Defendant denies the allegations of paragraph 28, and

CASE NO. 8:03-CV-1598-T23EAJ

demands strict proof thereof.

23. Defendant denies the allegations of paragraphs 29 and 30, and demands strict proof thereof.

24. Defendant is without knowledge as it relates to the allegations of paragraph 31. Consequently, said allegations are denied.

25. Defendant denies the allegations of paragraphs 32 through 35, and demands strict proof thereof.

26. Defendant admits the allegations of paragraph 36 that the contract had not been formed. Defendant denies the remaining allegations of paragraph 36, and demands strict proof thereof.

27. Defendant denies the allegations of paragraphs 37 through 40, and demands strict proof thereof.

28. Defendant is without knowledge as it relates to the status of temporary tags, consequently said allegations are denied. Defendant admits that Plaintiff does not have title.

29. Defendant admits the allegations of paragraph 42 that Plaintiff has no ownership of the car. Defendant denies the allegations of paragraph 42 that Plaintiff purchased the car, and demands strict proof thereof.

## AS TO COUNT I

30. Defendant denies the allegations of paragraphs 43 through

CASE NO. 8:03-CV-1598-T23EAJ

50, and demands strict proof thereof.

## AS TO COUNT II

31. Count II has been dismissed with prejudice. Therefore, no answer is necessary.

## AS TO COUNT III

32. Count III has been dismissed with prejudice. Therefore, no answer is necessary.

## AS TO COUNT IV

33. Count IV has been dismissed with prejudice. Therefore, no answer is necessary.

## AS TO COUNTS V, VI, VII, VIII, IX, X AND XI

34. Relative to Counts V through XI, Defendant has filed a motion for enlargement of time to respond to said Counts simultaneously with this Answer. In the Order dated February 10, 2004, Judge Merryday did not address Plaintiff's state law claims or federal claim identified in Count X. Furthermore, the Court notes that Defendant may renew the motion at a later date, if necessary. As such, Defendant files a motion for enlargement of time to respond to the state law claims and simultaneously renews the Motion to Dismiss relative to Count X.

CASE NO. 8:03-CV-1598-T23EAJ

## **AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant, BUCHANAN JENKINS HYUNDAI OF BRADENTON, by and through its undersigned counsel and hereby interposes the following affirmative defenses to Plaintiff's Amended Complaint:

35. Defendant was not responsible for notifying Plaintiff of third parties' denial of her credit.

36. Defendant did not participate in the credit decision.

37. Any decision to decline Plaintiff's credit was decided by a non-party.

38. As a further Affirmative Defense, pursuant to <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1993), and Fla. Stat. 768.81, the Defendant reserves the right to place non-parties on the verdict form at trial as a joint tortfeasor, whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by the Plaintiff.

39. Defendant reserves the right to amend these affirmative defenses as new information is learned through the course of discovery.

CASE NO. 8:03-CV-1598-T23EAJ

I HEREBY CERTIFY that a true and correct copy hereof has been furnished to Todd R. Perkins, Esquire, 12001 Third Avenue West, Suite 480, Bradenton, FL 34205 and William J. Denius, Esquire, Kilgore, Pearlman, Stamp, Ornstein & Squires, P.A., Two South Orange Avenue, Orlando, FL 32801 by mail on March 1st, 2004.

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797

BY: _____
John L. Morrow, Esq.
Florida Bar No. 656038
Karen M. Montas-Coleman, Esq.
Florida Bar No. 580384